IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARCELLA D. HARMON, § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-04-2113 |
| § | |
| JO ANNE B. BARNHART, § | |
| COMMISSIONER OF § | |
| SOCIAL SECURITY, § | |
| Defendant. § | |

**MEMORANDUM AND RECOMMENDATION ON
CROSS-MOTIONS FOR SUMMARY JUDGMENT**

This matter was referred by United States District Judge Lee H. Rosenthal, for full pre-trial management, under 28 U.S.C. § 636(b)(1)(A) and (B). (Docket Entry # 2). Cross-motions for summary judgment have been filed by Plaintiff Marcella D. Harmon ("Plaintiff," "Harmon") and Defendant Jo Ann Barnhart, in her capacity as Commissioner of the Social Security Administration. ("Defendant," "the Commissioner"). (Plaintiff's Motion for Summary Judgment ["Plaintiff's Motion"], Docket Entry # 11; The Commissioner's Motion for Summary Judgment ["Defendant's Motion"], Docket Entry # 9; The Commissioner's Memorandum in Support of Cross-Motion for Summary Judgment [Defendant's Memo"], Docket Entry # 10). Defendant responded to Plaintiff's motion, as well. (The Commissioner's Response to Plaintiff's Motion for Summary Judgment ["Defendant's Response"], Docket Entry # 12). After considering the pleadings and the applicable law, it is RECOMMENDED that Plaintiff's motion be DENIED, and that Defendant's motion be GRANTED.

**Background**

Harmon filed this lawsuit, pursuant to § 205(g) of the Social Security Act ("the Act") (codified as amended at 42 U.S.C. § 405(g)(1994)), on May 28, 2004. (Plaintiff's Original Complaint ["Complaint"], Docket Entry # 1). In this action, she appeals the Commissioner's decision to deny her claim for Social Security Disability Insurance Benefits ("DIB") under Title II of the Act.[1] (*Id*.). Plaintiff asks this court to reverse that decision and to render judgment in her favor. In doing so, she argues that, although her eligibility for DIB has expired, the court should grant her those benefits nonetheless, based on a claim she filed eleven years ago, when she was insured. Harmon is adamant that the previous claim was wrongfully denied, and that wrong should be rectified through the current appeal. (Complaint at 2).

Plaintiff first applied for DIB in March 1994. (*Id*. at 1). In that application, she claimed that she had been unable to work since January 15, 1993, because she suffered from photophobia and depression.[2] (*See* Tr. at 57). After the SSA denied Harmon's request for benefits, she obtained a hearing before an administrative law judge ("ALJ"). (Tr. 10). In January 1997, ALJ Kerns Taylor reviewed Harmon's claim *de novo*. (Tr. at 64). Following the testimony, Taylor denied her claim on March 15, 1997, concluding that her impairments, while severe, did not preclude a return to work. Plaintiff never appealed that 1997 decision. (*Id*.; Plaintiff's Motion at 1).

On August 30, 2000, however, Harmon filed a second application for DIB. (Tr. at 20). In that application, she alleged that she had been disabled since August 16, 2000, as a result of

---

[1]Plaintiff is not eligible for Title XVI benefits because her income exceeds the benefit guidelines. (Social Security Administration, Office of Hearings and Appeals, Decision, Transcript at 20).

[2]Photophobia is an "abnormal sensitivity to light, especially by the eyes. The condition is prevalent in various diseases of the conjunctiva and cornea." MOSBY'S MEDICAL, NURSING, & ALLIED HEALTH DICTIONARY 1259 (5th ed. 1998).

degenerative eye disease. (Tr. at 22). That claim was likewise denied by the SSA, and Plaintiff again requested, and received, an administrative hearing. (*Id*. at 20). On August 22, 2002, ALJ Thomas Norman heard testimony from Plaintiff and her husband on her claim, and reviewed numerous medical records that had been provided in support of it.[3] (*See generally* Tr. at 213-24). After reviewing the evidence presented at the hearing, the ALJ determined that Plaintiff's eye disease and depression rendered her disabled as of August 16, 2000. (*Id*. at 24). From Harmon's work history, however, he determined that her eligibility for DIB had expired almost one year earlier, on September 30, 1999. (*Id*.). For that reason, he found that Plaintiff is not entitled to receive Title II benefits.

On November 8, 2002, Plaintiff asked the SSA Appeals Council ("Appeals Council") to review the second ALJ decision. (Tr. at 9). SSA regulations provide that the Appeals Council will grant a request for a review if any of the following circumstances are present: "(1) there is an apparent abuse of discretion by the ALJ; (2) an error of law has been made; (3) the ALJ's action, findings, or conclusions are not supported by substantial evidence; or (4) there is a broad policy issue which may affect the public interest." 20 C.F.R. §§ 404.970, 416.1470. On May 2, 2003, after considering the applicable regulations, the evidence submitted, and Plaintiff's contentions, the Appeals Council concluded that there was "no reason" to grant Harmon's request for review. (Tr. at 4). The ALJ's findings then became final, and it is that decision which Plaintiff has appealed to this court under 42 U.S.C. § 405(g).

---

[3]The ALJ also heard from Dr. Nancy Tarrand, a medical expert witness. (Tr. at 225-31). In addition, he reviewed medical records from Dr. Luis Fraga and the Harris County Hospital District. (Ex. B1F, Tr. 103-38; Ex. B11F, Tr. 194-204). Further, he reviewed reports from examinations which had been conducted by Bayshore Eye Associates; Dr. Don LaGrone; Dr. John Wiley; Dr. Theron Bowers, Jr.; and Dr. Louis Daily. (Ex. B2F, Tr. 139-40; Ex. B3F, Tr. 143-47; Ex. B6F, Tr. 166; Ex. B7F, Tr. 167-71; Ex. B8F, Tr. 172-75). He also had the benefit of two residual functional capacity assessments, and two psychiatric review technique forms, all of which were prepared on behalf of the SSA. (Ex. B5F, Tr. 162-65; Ex. B9F, Tr. 176-79; Ex. B4F, Tr. 148-61; Ex. B10F, Tr. 180-93). Finally, a list of Plaintiff's medications was available for the ALJ's review. (Ex. B12F, Tr. 205-06).

**Standard of Review**

Typically, federal courts review the Commissioner's decision to deny disability benefits only to ascertain whether that decision is supported by substantial evidence and whether the Commissioner used the proper legal standards to evaluate the evidence. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)). "If the Commissioner's findings are supported by substantial evidence, they must be affirmed." (*Id.*) (citing *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995)). "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *Martinez*, 64 F.3d at 173 (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990)). On review, the court does not "reweigh the evidence, but . . . only scrutinize[s] the record to determine whether it contains substantial evidence to support the Commissioner's decision." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (citing *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987). If no credible evidentiary choices or medical findings exist to support the Commissioner's decision, then the court must find that no "substantial evidence" supports it. *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). Where, as here, the objections raised by the claimant are procedural in nature, the court must also insure that the proper legal standards were applied to her claim. *Myers v. Apfel,* 238 F.3d 617, 619 (5th Cir. 2001) (citing *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir. 1994)).

**Discussion**

In this instance, the ALJ found that Plaintiff is disabled by eye disease and depression, but that her eligibility for DIB expired before the onset date of those impairments. (Tr. at 24). For that reason, he determined that she is not eligible for benefits, under the law. (*Id.* at 22). Harmon does

not challenge that determination directly.[4]  In fact, she concedes that her eligibility for benefits ended on September 30, 1999.[5]  (*See* Complaint at 1; Tr. at 20).  She argues, however, that, because the ALJ found that she is disabled, the court should review the SSA's decision to deny her original benefits claim, the one she filed eleven years earlier.  She insists that she was unable to work at the time that unfavorable decision was made, and that the evidence of that inability is clear.  (Plaintiff's Motion at 1).

Unfortunately, precedent is clear that such a review is foreclosed.  The United States Supreme Court has held that Section 205 (g) of the Social Security Act does not authorize federal judicial review of the SSA's refusal to reopen a previous claim for Social Security benefits.[6]  *Califano v. Sanders*, 430 U.S. 100, 107-08 (1977).  The United States Court of Appeals for the Fifth Circuit has enforced that rule consistently.  For example, in *Robertson v. Bowen*, a claimant filed four separate applications for DIB, all of which addressed the same alleged disability.  803 F.2d 808, 809 (5th Cir. 1986).  Each claim was denied by the SSA.  *Id*.  Ultimately, Robertson filed a civil action to challenge

---

[4]Although Harmon purports to challenge the 2002 decision in this action, her frequent references to the initial application belie that assertion.  *Compare Ellis v. Schweiker*, 662 F.2d 419 (5th Cir. 1981).  During the hearing, for example, Plaintiff suggested that she had become disabled much earlier than she reported, and she asked the ALJ to reconsider her first claim.  She did not, however, ask to amend the alleged onset date of her disability.  (*See* Tr. at 213, 219, 221, 223; 211-32).

[5]Harmon's eligibility status was critical to the ALJ's review because a claimant "is not entitled to benefits unless he was disabled, within the meaning of the relevant statutes and regulations, on or before . . . the date upon which he last enjoyed insured status under the Act."  *Carey v. Apfel*, 230 F.3d 131, 134 (5th Cir. 2000); *see also Loza v. Apfel*, 219 F.3d 378, 381, 394 (5th Cir. 2000).  "Claimants bear the burden of establishing a disabling condition before the expiration of their insured status."  *Loza*, 219 F.3d at 394; *Ivy v. Sullivan*, 898 F.2d 1045, 1048 (5th Cir. 1990); *see also Torres v. Shalala*, 48 F.3d 887, 889 (5th Cir. 1995); *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir. 1986).  Further, any "impairment which arose or became disabling after [that date] . . . cannot be the basis for a finding of disability."  *Milam*, 782 F.2d at 1286.

[6] There is one exception to this rule, but it is not applicable here.  (*Id*.).  When an administrative agency's decisions are challenged in a civil action, a federal court has subject matter jurisdiction to review any colorable constitutional claim that is raised.  (*Id*. at 108-07).  Harmon has not alleged any constitutional claim.

5

those denials. On review, the court found that Robertson's fourth application was, in part, a motion to reopen the previous unsuccessful proceedings. *Id*. at 810. With *Califano* as a guide, the *Robertson* court held that "[a] refusal to reopen or a *res judicata* determination is not reviewable." *Id.* (quoting *Carter v. Heckler*, 712 F.2d 137, 142 (5th Cir. 1983)); *see also Brandyburg v. Sullivan*, 959 F.2d 555, 561-62 (5th Cir. 1992); *Ellis v. Schweiker*, 662 F.2d 419 (5th Cir. 1981); *Hensley v. Califano*, 601 F.2d 216 (5th Cir.1979)).

Here, Plaintiff's Complaint and motion are efforts to have the court reopen the 1997 benefits application. (*See generally* Complaint, Motion). Similar unsuccessful requests were made to the SSA before she brought this action. (Tr. at 4, 9, 40, 56). It is clear, however, that this court has jurisdiction only to review the second administrative decision, the one issued by ALJ Norman in 2002. *Califano,* 430 U.S. at 107-08*; Robertston*, 803 F.2d. at 809. In that decision, the ALJ found that Plaintiff became disabled on August 16, 2000, but that she is ineligible for benefits because her insured status expired in 1999. Harmon has presented no controverting evidence to undermine that conclusion. Because the ALJ's disability decision is supported by substantial evidence, and because he followed the proper procedures in evaluating Harmon's claim, no reversible error exists. Plaintiff's motion for summary judgment should be DENIED, and Defendant's motion should be GRANTED.

**Conclusion**

Based on the foregoing, it is **RECOMMENDED** that the motion for summary judgment by Plaintiff Marcella D. Harmon be **DENIED**, and that the motion by Social Security Commissioner Jo Anne B. Barnhart be **GRANTED**.

The Clerk of the court shall send copies of this memorandum and recommendation to the respective parties who will then have ten (10) days from the receipt of it to file written objections

thereto, pursuant to 28 U.S.C. § 636(b)(1)(c), General Order 80-5, S.D. Texas. Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk, P.O. 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Lee H. Rosenthal, Room 11535, **and** to the chambers of the undersigned, room 7007.

Signed at Houston, Texas, this 28th day of July, 2005.

MARY MILLOY
UNITED STATES MAGISTRATE JUDGE